**Shirley Ann CHARLES, Appellant,**

v.

**The STATE of Texas, Appellees.**

**No. 09–94–293 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 19, 1995.

Decided Feb. 7, 1996.

Discretionary Review Refused May 1, 1996.

---

Jimmy D. Hamm, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Appellant was convicted of possession of a controlled substance and as a repeat felony offender. Trial was to a jury and the appellant was found guilty. The jury then assessed punishment at forty years confinement in the Institutional Division of the Texas Department of Criminal Justice and fined appellant $10,000. The trial court entered an affirmative finding of use of a deadly weapon based on allegations within the indictment. Appellant timely perfected this appeal.

The appellant was one of two individuals arrested and charged with the offense of possession of a controlled substance from a search of a residence located in Beaumont, Texas, on January 11, 1994. During the search, the officers found a cocked and loaded firearm in the back bedroom under a sofa cushion where the drugs and money were located. Other drugs and money were found throughout the house, along with boxes of ammunition.

The jury was charged as follows:

Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about January 11, 1994, the defendant did then and there intentionally or knowingly possess a controlled substance listed in Penalty Group I of the Texas Controlled Substances Act, namely: Cocaine, by aggregate weight, including any adulterants and dilutants, of less than twenty-eight (28) grams, and, in the course of the same criminal episode, the Defendant used a deadly weapon, to-wit: a firearm, you shall find the defendant guilty as alleged in the indictment. . . .

The jury returned the following verdict: "WE, THE JURY, find the Defendant GUILTY as alleged in the indictment."

■ Appellant urges one point of error, that being "[t]he trial court erred by entering an affirmative finding that the appellant used a deadly weapon because there was insufficient evidence to support the affirmative finding."

■ In her single point of error, appellant is challenging the legal sufficiency of the evidence for her conviction. The point of error is direct and concise and requires a restatement of well-established principles of appellate review. At the outset, we emphasize that the proper standard of review is that announced in *Jackson v. Virginia:* that the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

In *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988), the court expounded on *Jackson* as follows:

Under the *Jackson* standard, the reviewing court is not to position itself as a thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due process safeguard ensuring only the rationality of the factfinder. The court is never to make its own myopic determination of guilt from reading the cold record. It is not the reviewing court's duty to disregard, realign or weigh evidence. This the factfinder has already done. The factfinder, best positioned to consider all the evidence firsthand, viewing the valuable

and significant demeanor and expression of the witnesses, has reached a verdict beyond a reasonable doubt. [footnote omitted] Such a verdict must stand unless it is found to be irrational or unsupported by more than a "mere modicum" of the evidence, with such evidence being viewed under the *Jackson* light. Concrete application of the *Jackson* standard is made by resolving inconsistencies in the testimony in favor of the verdict. The court is to review the evidence as it is already weighted by the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson, supra,* at 319–320, 99 S.Ct. at 2789–2790. . . .

*Moreno,* 755 S.W.2d at 867.

■ As observed by Judge White in interpreting Justice Harlan's concurrence in *In re Winship,* 397 U.S. 358, 368, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368, 378 (1970), "[T]he trier of fact, when reaching a verdict, has already provided a constitutionally safeguarded determination of guilt which is properly subject to deferential rather than de novo review." *Moreno,* 755 S.W.2d at 867 n. 1.

In *Williams v. State,* 889 S.W.2d 687 (Tex. App.—Fort Worth 1994, no pet.), the court held:

> An affirmative deadly weapon finding does not affect the assessment of punishment. Instead, such a finding only affects a defendant's parole eligibility. *See* TEX.CODE CRIM.PROC.ANN. art. 42.18 (Vernon Supp. 1994). [footnote omitted]
>
> A "deadly weapon" is defined in the Texas Penal Code as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). In other words, there is no requirement that the defendant intend to cause serious bodily injury with the deadly weapon. It is suffi-

cient that the instrument, as used by the defendant or as he intended its use, was capable of causing death or serious bodily injury.

. . . .

In theory, *all* felonies are susceptible to an affirmative finding of use or exhibition of a deadly weapon. *Patterson,* 769 S.W.2d at 940. . . .

In *Patterson,* the court of criminal appeals analyzed the meaning of the words "use" and "exhibit" as those terms relate to article 42.12, § 3g. The Court determined that "used ... a deadly weapon" during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. *Patterson,* 769 S.W.2d at 941. Whereas "exhibited a deadly weapon" means that the weapon was consciously shown or displayed during the commission of the offense. *Id.* The Court went further to explain that the term "use" constitutes any employment of a deadly weapon, even simple possession, if such possession facilitates the associated felony. *Id.* at 940.

In *Patterson v. State,* 769 S.W.2d 938 (Tex. Crim.App.1989)[1], the Court of Criminal Appeals affirmed the court of appeals' interpretation of "use" within the meaning of TEX. CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(2) to mean "any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." The court of appeals in *Patterson v. State,* 723 S.W.2d 308, 315 (Tex.App.—Austin 1987), determined "that a rational trier of fact could find that appellant 'used' the firearm during the commission of the felony offense of possessing the contraband, in a sense that the firearm protected and facilitated appellant's care, custody, and management of the contraband."

The search warrant was run on a residence where appellant was found in the kitchen

---

1. In *Bailey v. U.S.,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472, delivered December 5, 1995, the United States Supreme Court held "use" of a firearm under 18 U.S.C. § 924(c)(1), a statute somewhat similar to art. 42.12 3g(a)(2), requires a showing of active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense. *See also Hill v. State,* 913 S.W.2d 581 (Tex.Crim.App.1996) wherein *Patterson* is reanalyzed but not overruled.

area. Within the residence where the warrant was run there was identification and clothes of appellant found in the bedroom where contraband was found. Also in the same bedroom was a .45 caliber handgun cocked and loaded under a sofa cushion. A wallet was found on top of the cushion covering the firearm. The wallet contained identification belonging to appellant. Inside the .45 caliber handgun was a type of shell called a black talon. In the bedroom was found a box of black talon bullets with appellant's name on the box.

The case relied upon by appellant, *Wynn v. State,* 847 S.W.2d 357 (Tex.App.—Houston [1st Dist.]) *aff'd on other grounds,* 864 S.W.2d 539 (Tex.Crim.App.1993), is distinguishable from this appeal. In *Wynn,* the appellant was not in the house and evidence was presented that appellant was not at any time in the bedroom where the gun was found.

The jury found the appellant guilty as alleged in the indictment, thus, making the finding that appellant "used" a deadly weapon in the commission of the offense. We hold that a rational trier of fact could find the appellant used the firearm during the commission of the felony offense of possessing the contraband, in a sense the firearm protected and facilitated the appellant's care, custody and management of the contraband. We overrule appellant's sole point of error and affirm the judgment and sentence below.

AFFIRMED.