

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00109-CR

_____

FRITZ EARL HICKS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 40th Judicial District Court
Ellis County, Texas
Trial Court No. 31371-CR

Before Morriss, C.J., Carter and Cornelius,* JJ.
Opinion by Justice Cornelius

_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

OPINION

Fritz Earl Hicks, Jr., appeals his conviction for possession of cocaine with intent to deliver. He was convicted by a jury in the 40th Judicial District Court of Ellis County.[1] The jury made an affirmative finding that Hicks used a deadly weapon in the commission of the offense and set Hicks' punishment at fifteen years' confinement.

Hicks raises three issues in five points of error: (1) the trial court erred in overruling Hicks' motion to suppress evidence obtained as the result of a traffic stop; (2) the evidence is legally and factually insufficient to show that Hicks committed the offense; and (3) the evidence is legally and factually insufficient to support the jury's affirmative finding that Hicks used a deadly weapon in the commission of the offense. We overrule all these contentions and affirm the judgment.

We first address Hicks' contention that the trial court erred in overruling his motion to suppress.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000). At a hearing on a motion to suppress, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000). In reviewing the trial court's ruling on a motion to suppress, we give almost total deference to the trial court's finding of historical facts that are supported by the record, while reviewing de novo the trial court's application of the law to the

---

[1]This case has been transferred to this Court as part of the Texas Supreme Court's docket equalization program.

facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Bilyeu v. State*, 136 S.W.3d 691 (Tex. App.—Texarkana 2004, no pet.).

At the suppression hearing, Officer Chase Huckabee of the Waxahachie Police Department testified that, at about midnight on September 4, 2006, he saw a green Chevrolet Cavalier automobile stopped in the middle of the intersection of Farley and Russo Streets. Huckabee observed the vehicle for three to five seconds before he executed a traffic stop and detention of the vehicle for violating Section 545.302(a)(3) of the Texas Transportation Code (stopping, standing, or parking a vehicle in an intersection). Only one person, Hicks, was in the vehicle. When Huckabee approached the vehicle to speak to Hicks, he detected a strong odor of burnt marihuana coming from the vehicle. Hicks told Huckabee that he did not have a driver's license and that his name was James Hill, which later proved to be a false identification. When Huckabee asked Hicks to step out of the vehicle, he noticed the odor of burnt marihuana coming from Hicks' clothes. When the officer began to pat down the outside of Hicks' clothing, he heard what sounded like the rustling of a cellophane wrapper and felt something in Hicks' right front pocket. Thinking that what he felt might be marihuana, Huckabee reached inside Hicks' right front pocket and found two cellophane wrappers. One contained eight and one-half white pills and the other contained three multicolored pills. Huckabee called for a backup officer who identified the white pills as Xanax and the multicolored pills as Ecstasy. Huckabee arrested Hicks for possession of a controlled substance. He conducted a search incident to arrest and found crack cocaine, marihuana, and a digital scale under the right floorboard

3

mat in the back seat of the car. He also found a loaded .40 caliber handgun underneath the back seat cushion. The vehicle was not registered to Hicks. Evidence later showed it belonged to Hicks' girlfriend. Huckabee did not find any burnt marihuana in the car or on Hicks' person.

It is a violation of the Texas Transportation Code for an operator to stop, stand, or park a vehicle in an intersection. TEX. TRANSP. CODE ANN. § 545.302(a)(3) (Vernon Supp. 2007). Any peace officer may arrest, without a warrant, a person found committing a violation of Section 545.302(a)(3). *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999). Additionally, any peace officer may arrest, without a warrant, any person who commits an offense in view of the officer. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Moreover, a peace officer may stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion, based on articulable facts, that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).

The facts recited earlier show that, when Officer Huckabee personally observed Hicks' vehicle stopped and standing in the middle of the intersection, Huckabee was authorized to detain Hicks and investigate the traffic violation. When he detected the strong odor of burnt marihuana, he was authorized to detain Hicks further, and when he discovered the controlled substances on Hicks' person, he had probable cause to place Hicks under arrest. The subsequent search was

4

authorized as a search incident to arrest, and the evidence found in that search was properly admitted in evidence.

Hicks argues that his detention was not legal because Huckabee testified only that he "believed" he saw Hicks drive the car. Huckabee actually testified that he saw Hicks drive the car, but driving the car is not an element of the offense Huckabee observed. The offense was stopping in an intersection. Huckabee testified positively that he saw the vehicle stopped and standing in the middle of the intersection. A positive statement that one saw a vehicle stopped and standing in the middle of an intersection is not a mere opinion that a violation was in progress, which must be supported by articulable facts raising a reasonable suspicion. It is a positive, unequivocal statement of fact that a violation of the law was occurring. *See Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005) (relied on by Hicks). In *Ford v. State*, the officer testified that a motorist was following a vehicle at a distance "[he] believed was insufficient." *Id*. at 492. The court held that the State failed to elicit any testimony showing what facts would allow the officer to objectively determine that Ford was following too closely. In our case, the officer testified objectively that Hicks was stopped in the middle of the intersection.

Hicks also argues that stopping or standing in an intersection for the brief time of three to five seconds does not constitute "stopping, standing, or parking" in an intersection as prohibited by Section 545.302(a)(3) of the Texas Transportation Code. We disagree. The statute defining the offense does not prescribe a minimum time the vehicle must be stopped for the act to constitute an

5

offense. Moreover, there is no evidence that the vehicle Hicks was driving was stopped in the intersection for only three to five seconds. Huckabee said he watched the vehicle stopped in the middle of the intersection for three to five seconds, but he initially saw the vehicle when he first approached the intersection. There is no evidence showing how long the vehicle was stopped in the intersection before Huckabee arrived at the point where he could see it. Additionally, proof that an offense was actually committed is not necessary to justify the investigative detention as long as Huckabee reasonably believed that a violation was in progress. *Drago v. State*, 553 S.W.2d 375 (Tex. Crim. App. 1977); *Plummer v. Edgar*, 845 S.W.2d 452, 454 (Tex. App.—Texarkana 1993, no pet.).

We find there is both legally and factually sufficient evidence to support the trial court's overruling Hicks' motion to suppress and that the trial court did not abuse its discretion in doing so.

Hicks also challenges the sufficiency of the evidence to support his conviction for possession of cocaine with intent to deliver.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2002). In reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light. The evidence is factually insufficient when, although it is legally sufficient, it is so weak that the verdict appears to be clearly wrong or manifestly unjust, or the

verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); *Castillo v. State*, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007).

We find there is legally and factually sufficient evidence to sustain the conviction. Hicks was found in the car where the controlled substances were discovered. There is testimony showing sufficient links connecting Hicks to the contraband to show he knew of its presence and exercised control over it, e.g.: the amount of contraband present was greater than the typical quantity possessed for a user's personal use; a digital scale with cocaine and marihuana residue on it was hidden in the car and the scale was the type commonly used in weighing and packaging narcotics for delivery; Hicks was arrested in a high crime, high drug area; a loaded firearm was hidden in the car close to the drugs and scale; and an experienced narcotics officer testified that, in his opinion, the amount of drugs found, along with the digital scale and loaded firearm indicated that Hicks intended to deliver the drugs. There was no contradictory evidence. This evidence is legally and factually sufficient to authorize the jury to find that Hicks possessed the contraband with the intent to deliver it.

We also find legally and factually sufficient evidence to support the jury's affirmative finding that Hicks used a deadly weapon in the commission of the offense.

The officers found a loaded .40 caliber handgun under the back seat cushion of the vehicle Hicks was using. The handgun was concealed in close proximity to the drugs, the scale, and Hicks

himself. In these circumstances, the jury could reasonably believe and find that the handgun protected and facilitated Hicks' care, custody, and management of the contraband, and thus constituted his use of the handgun in the commission of the offense. *See Patterson v. State*, 769 S.W.2d 938, 942 (Tex. Crim. App. 1989); *see also Gale v. State*, 998 S.W.2d 221, 225 (Tex. Crim. App. 1999); *Charles v. State*, 915 S.W.2d 238, 241 (Tex. App.—Beaumont 1995, pet. ref'd).

For all the reasons stated, we affirm the judgment of the trial court.

William J. Cornelius
Justice*

*Chief Justice, Retired, Sitting by Assignment

Date Submitted:     March 6, 2008
Date Decided:     April 29, 2008

Publish