

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00152-CR

_____

THE STATE OF TEXAS, Appellant

V.

ZACHARY JAMES HOLLAND, Appellee

On Appeal from the County Court
Fannin County, Texas
Trial Court No. 43511

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As Texas Department of Public Safety Troopers Ricardo Landeros and Carmen Barker[1] traveled south on Highway 273 in Fannin County toward an establishment known as "J.C. Whiskey River," they noticed a vehicle driven by Zachary James Holland emerge from that establishment onto Highway 273 and turn north toward them. From Landeros' and Barker's testimony at the pretrial suppression hearing, before stopping Holland's vehicle, the troopers perceived no evidence[2] that Holland was intoxicated; and the only reason they gave for the stop was that, when he was about three to four car lengths[3] away from the troopers' vehicle, Holland briefly switched his vehicle's headlights to high beams before returning them to low beams. After stopping Holland, however, the troopers discovered numerous indicators that Holland was intoxicated.[4]

---

[1]Barker, who had been commissioned as a state trooper approximately a month before, was a passenger in the patrol car; Landeros, Trooper Barker's field training officer, was driving the patrol car.

[2]Landeros testified he had activated his radar as Holland approached, establishing that Holland was not speeding. Holland was not weaving in his lane and did not cross the center lane or cross over into "the right-hand-side lane."

[3]Barker testified she estimated three to four car lengths to be fifteen to twenty yards.

[4]Holland admitted to drinking earlier in the evening, had slurred speech, had glassy eyes, and had a strong odor of alcohol. Based on Holland's performance of several field-sobriety tests, the Troopers concluded that Holland was intoxicated. The State intended to use this evidence obtained during the traffic stop to prosecute Holland for misdemeanor driving while intoxicated.

Holland successfully challenged the stop with a pretrial motion to suppress evidence obtained as a result of the stop. The State appeals the suppression of that evidence, claiming that the troopers had reasonable suspicion for the stop. We affirm.

At the suppression hearing, Holland argued the high-beam light did not interfere with the troopers' vision. The State responded that, no matter how trivial his actions, Holland violated the law by turning on his high beams within 500 feet of the troopers. The trial court stated, "Based on . . . Trooper Landeros's testimony, it went from low to high and right back to low. It shows, to this Court's satisfaction, that the operator was trying to follow the law. And I understand what you're -- but that's going to be the order of the court."

We review the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review deferring to the trial court's determination of historical facts that depend on credibility, but reviewing de novo the trial court's application of the law. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *see Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Generally, after granting deference to the trial court's determination of historical facts, we review de novo determinations of reasonable suspicion and probable cause. *Guzman*, 955 S.W.2d at 87.

3

Individuals have the right to be secure against unreasonable searches. U.S. Const. amend. IV; Tex. Const. art. I, § 9. A criminal defendant alleging a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). "A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant." *Id.* The burden then shifts to the State to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672–73. Evidence must be excluded if a causal connection is established between illegal actions by law enforcement and the evidence. *Roquemore v. State*, 60 S.W.3d 862, 870 (Tex. Crim. App. 2001); *see* Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

Under *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny, the police must be able to articulate specific facts that support a reasonable suspicion that the suspect is engaging in, or is about to engage in, criminal activity. "[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997). "A routine traffic stop resembles an investigative detention." *State v. Cardenas*, 36 S.W.3d 243, 246 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). A law enforcement officer may lawfully stop and detain a person for a traffic violation committed in the presence of the officer. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd).

4

The State's sole argument, both at the suppression hearing and on appeal, is that the officers had reasonable suspicion that Holland violated Section 547.333(c) of the Texas Transportation Code. Section 547.333(c) provides as follows:

> (c)  A person who operates a vehicle on a roadway or shoulder shall select a distribution of light or composite beam that is aimed and emits light sufficient to reveal a person or vehicle at a safe distance ahead of the vehicle, except that:
>     (1)  an operator approaching an oncoming vehicle within 500 feet shall select:
>         (A) the lowermost distribution of light or composite beam, regardless of road contour or condition of loading; or
>         (B)  a distribution aimed so that no part of the high-intensity portion of the lamp projects into the eyes of an approaching vehicle operator; and
>         (2)  an operator approaching a vehicle from the rear within 300 feet may not select the uppermost distribution of light.

TEX. TRANSP. CODE ANN. § 547.333(c) (Vernon 1999).

Although the reason for suppression enunciated by the trial court (that Holland was trying to comply with the law) is not a valid legal basis for granting a motion to suppress, the trial court also found that the exception in subsection (c)(1)(B) of the above section applied to this case.[5] The trial court made a finding of fact that "the Defendant did not operate any part of the high intensity portion of the lamp of the motor vehicle so that it projected into the eyes of an approaching vehicle's operator." We are obligated to uphold the trial court's ruling on the motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *State*

---

[5]The State argues the trial court erred in granting the motion to suppress because Holland "was trying to follow the law." We agree with the State that proof that a defendant unsuccessfully tried to follow the law is not sufficient to support a motion to suppress. If a defendant commits a traffic offense, even unintentionally, a police officer may conduct a traffic stop.

5

*v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

The State argues the fact that the high-beam lights were activated approximately three to four car lengths in front of the police requires a finding that the light did project into the officers' eyes. But there is some evidence in the record that the high-beam lights were aimed so that no part of the high-intensity portion of the lamp projected into the eyes of an approaching vehicle operator. Landeros testified he was not "blinded" by the high beams.[6] When asked "[a]nd at no time, did these high beams, in any way, interfere with your vision, your operation of your vehicle, or in any way interfere with anything about your operating your vehicle, right," Landeros responded, "That's correct." Barker testified she was not "blinded by the light" and could not remember whether she had to avert her eyes. While the officers testified they observed Holland activate the high beams within 500 feet of their patrol car, the event could have been observed from any angle.

The trial court's finding was entirely factual and has some support in the record. We must afford "almost total deference to the trial court's determination of historical facts that the record supports, especially when the fact-findings are based on an evaluation of the witnesses' credibility

---

[6]Landeros opined that, because Holland was driving a 1957 Chevrolet, the vehicle's headlight intensity was less than more modern cars. The trial court could have reasonably disregarded this explanation in part or whole. "The trial judge is the sole fact finder at a hearing on a motion to suppress evidence obtained in a search, and may choose to believe or disbelieve any or all of a witness' testimony." *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991).

6

and demeanor." *See Ross*, 32 S.W.3d at 856. While we may not have reached the same conclusion, we are prohibited from substituting our opinion for the trial court's. Because the alleged violation of Section 547.333(c) of the Texas Transportation Code was the sole justification for the traffic stop, the trial court did not abuse its discretion in determining the officers lacked reasonable suspicion to justify stopping Holland.[7]

We affirm the order of the trial court granting Holland's motion to suppress.

Josh R. Morriss, III
Chief Justice

Date Submitted: November 17, 2008
Date Decided: December 12, 2008

Do Not Publish

---

[7]The State also argues the trial court applied the wrong standard for reasonable suspicion. The State cites a number of cases in support of its argument "the issue is not whether an offense was actually committed but, instead, whether the officer had 'reasonable suspicion' to believe an offense was being committed." *See Garcia v. State*, 43 S.W.3d 527 (Tex. Crim. App. 2001); *Drago v. State*, 553 S.W.2d 375 (Tex. Crim. App. 1977); *Hicks v. State*, 255 S.W.3d 351 (Tex. App.—Texarkana 2008, no pet.); *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref'd). As this Court has stated, "proof that an offense was actually committed is not necessary to justify the investigative detention as long as [the police officer] reasonably believed that a violation was in progress." *Hicks*, 255 S.W.3d at 354–55. An incorrect understanding of the law, however, does not give rise to a reasonable belief. An officer's incorrect understanding of the law will not "satisfy the Fourth Amendment and rise to the level of reasonable suspicion." *Fowler v. State*, No. 02-06-00183-CR, 2008 Tex. App. LEXIS 6253 (Tex. App.—Fort Worth Aug. 14, 2008, pet. filed).