**Motion for Rehearing Overruled; Memorandum Opinion of April 10, 2012 Withdrawn; Affirmed and Substitute Memorandum Opinion filed May 17, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00147-CR

**AARON WAYNE MCMAHAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1683347**

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We overrule the motion for rehearing; we withdraw our memorandum opinion dated April 10, 2012, and issue the following substitute memorandum opinion.

Aaron Wayne McMahan appeals his conviction for driving while intoxicated.[1] Appellant contends that the trial court erred by denying his motion to suppress evidence obtained as a result of an unlawful detention. We affirm the trial court's judgment.

---

[1] Tex. Penal Code Ann. § 49.04(a), (b) (Vernon Supp. 2011).

## Background

Sergeant David White of the Tomball Police Department was on patrol at approximately 1:45 a.m. on May 26, 2010, when he noticed appellant driving a truck in the parking lot of a closed Texaco station on Main Street in Tomball. As White pulled into the parking lot, appellant pulled out of the lot. White's car and appellant's truck passed "door-to-door" and White noticed appellant had "bloodshot glassy eyes" and "a real red face." White thought that appellant possibly was impaired and decided to follow appellant's truck.

While following appellant's truck, White observed that the "front portion of [appellant's] vehicle failed to stop prior to the stop sign or at the stop sign protruding out into the intersection." White initiated a traffic stop based on a traffic violation. Subsequently, White arrested appellant for driving while intoxicated.

Appellant filed a motion to suppress, arguing that White did not have reasonable suspicion to stop him for a traffic violation because "video evidence preserved by the in-car camera shows no traffic violation occurred." According to appellant, his detention and the search of his truck were illegal and all evidence obtained as a result of the search should be suppressed. After a hearing on the motion to suppress, the trial court denied appellant's motion and concluded that White had "reasonable suspicion to believe that a traffic offense had in fact been committed based upon his opinion that the driver of the vehicle did not stop his car until he was inside the intersection, clearly giving him reasonable suspicion to stop the car on suspicion of having run a stop sign."

After the trial court denied appellant's motion to suppress, he pled guilty to driving while intoxicated. The trial court sentenced appellant to three days confinement in county jail and assessed a $1,000 fine. Appellant timely filed a notice of appeal.

## Analysis

Appellant argues on appeal that the trial court erred by denying his motion to suppress and finding that appellant's seizure was constitutionally permissible under the

Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution. Appellant contends "this finding was not reasonable in light of the evidence presented." Appellant also contends that the trial court erred in denying his motion to suppress because White's "incorrect and conclusory statement that a traffic law was violated does not establish the requisite suspicion required."[2]

## I.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Vasquez v. State*, 324 S.W.3d 912, 918 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented at a suppression hearing. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, but we review *de novo* the court's application of the law to the facts. *Id.* at 25. We view the evidence presented on a motion to suppress in the light most favorable to the trial court's ruling. *Id.* at 24. Where the record does not reflect the trial court's legal theory for denying the motion to suppress evidence, the ruling must be affirmed if it is reasonably supported by the record and can be upheld on any valid theory of law applicable to the case. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

The Fourth Amendment is not a guarantee against all searches and seizures, but only against unreasonable searches and seizures. *United States v. Sharpe*, 470 U.S. 675, 682 (1985). For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. *Vasquez*, 324 S.W.3d at 919 (citing *Davis v. State*, 947 S.W.2d 240, 243–45 (Tex. Crim. App. 1997)). A traffic stop is reasonable if the police officer

---

[2] Because appellant has not provided any explanation or authority for construing the Texas Constitution as conferring greater protection in this area of the law than the federal constitution, we will not separately address his state constitutional argument. *See Black v. State*, 26 S.W.3d 895, 896 n.4 (Tex. Crim. App. 2000).

was justified in making the stop and his actions during the stop were confined in length and scope to that necessary to fulfill the purpose of the stop. *Id.* (citing *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004)). In other words, an officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation. *Id.* (citing *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App.1992)). However, there is no requirement that an actual traffic offense be committed, just that the officer reasonably believed that a violation was in progress. *Id.*

"A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). This standard is an objective one that disregards the actual subjective intent or motive of the detaining officer and looks instead to whether there was an objective justification for the detention. *Id.* The determination of reasonable suspicion is made by considering the totality of the circumstances. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

The State bears the burden of demonstrating the reasonableness of the traffic stop. *See Goudeau v. State*, 209 S.W.3d 713, 716 (Tex. App.—Houston [14th Dist.] 2006, no pet.). We must ask whether a person of reasonable caution, looking at the facts available to the officer at the moment of the investigation, would believe that a traffic violation occurred. *Id.*

## II.   Motion to Suppress

In his first issue, appellant argues that the trial court erred by denying his motion to suppress because the evidence establishes that appellant did not commit a traffic violation under Texas Transportation Code Section 544.010. Therefore, according to appellant, White lacked reasonable suspicion to justify the initial traffic stop.

Section 544.010(c) of the Transportation Code provides three different stop sign requirements: (1) if a crosswalk exists, the driver shall stop before entering the crosswalk; (2) if no crosswalk exists, the driver shall stop at a clearly marked stop line; and (3) if no stop line exists, the driver shall stop "at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway. Tex. Transp. Code Ann. § 544.010(c) (Vernon 2011). There is no dispute that the intersection in this case had neither a crosswalk nor a clearly marked stop line.

Appellant argues that the record establishes his truck "stopped in accordance with Texas Transportation Code § 544.010" because "it is clear the appellant's truck stopped before entering the intersection in question." In support of this contention, appellant claims that White agreed that appellant's truck stopped "at some point at or near" the stop sign when, in response to appellant's trial counsel's question: "So at some point at or near this stop sign would you agree with me that his vehicle briefly ceased to move at or near the stop sign?," White answered: "Briefly." Appellant also contends the video played at the hearing shows it is "clear" appellant's truck stopped before entering the intersection because, "at the time the video begins, the appellant's truck appears not to have entered the intersection itself." Appellant concludes that, because the evidence affirmatively establishes no traffic violation, White lacked reasonable suspicion to initiate the traffic stop.

The record does not support appellant's contention that he did not commit a traffic violation. We have reviewed the video that was played at the hearing; it does not conclusively establish where in relationship to the intersection appellant's truck stopped. Additionally, White testified that he observed appellant commit a traffic violation by failing to stop at the intersection. White stated that he observed the "front portion of [appellant's] vehicle failed to stop prior to the stop sign or at the stop sign protruding out into the intersection." White unequivocally stated that appellant "stopped inside the intersection." White initiated a traffic stop after appellant stopped inside the intersection.

5

White also testified that there were no shrubs or any other obstructions that would have prevented a driver from seeing "at or near the stop sign area."

Considering that (1) the trial court is the exclusive trier of fact and judge of the credibility of the witnesses, and is free to believe or disbelieve all or any part of a witness's testimony; (2) White testified that appellant stopped his truck "inside the intersection;" (3) appellant does not dispute that Section 544.010(c) is violated when an operator fails to stop and enters an intersection; and (4) the video does not conclusively establish that appellant stopped before entering the intersection, we conclude that a reasonable fact finder could infer from the evidence that White reasonably believed appellant committed a traffic violation when he stopped his truck "inside the intersection." [3]

Accordingly, we overrule appellant's first issue.

In his second issue, appellant contends that the trial court erred in denying his motion to suppress because White's "incorrect and conclusory statement that a traffic law was violated does not establish the requisite suspicion required." In that regard, appellant argues that the evidence established he did not "actually" commit a traffic violation, and that White's "incorrect opinion that a traffic law was violated" therefore is insufficient to establish reasonable suspicion for a traffic stop. Appellant also argues that the "basis for the stop was nothing more than" White's conclusory opinion that "appellant had crossed into the intersection." Citing *Ford v. State*, 158 S.W.3d 488, 494 (Tex. Crim. App. 2005), appellant contends that White's opinion is insufficient to establish reasonable suspicion because "[m]ere opinions are ineffective substitutes for specific, articulable facts in a reasonable suspicion analysis."

As we have discussed in issue one, the evidence does not establish that appellant did not commit a traffic violation; therefore, appellant's "incorrect opinion" argument is

---

[3] Further, it is "a violation of the Texas Transportation Code for an operator to stop . . . a vehicle in an intersection." *Hicks v. State*, 255 S.W.3d 351, 354 (Tex. App.—Texarkana 2008, no pet.); *see* Tex. Transp. Code Ann. § 545.302(a)(3) (Vernon 2011).

6

without merit. Further, we reject appellant's assertion that White's testimony was merely a conclusory opinion.

In *Ford*, the officer testified that he noticed Ford in his vehicle "following a white car, following too close." *Id*. at 491. The officer determined "following too close" constituted a traffic violation and stopped Ford. *Id*. There was no other testimony by the officer regarding the circumstances leading up to the stop. *Id*. Concluding that "[m]ere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis," the court held that "the State failed to elicit any testimony pertinent to what facts would allow [the officer] to objectively determine Ford was violating a traffic law." *Id*. at 493-94.

Here, White did not merely opine that appellant violated a traffic law. Instead, White testified unequivocally that appellant's truck "stopped inside the intersection." A positive statement that White observed the "front portion of [appellant's] vehicle failed to stop prior to the stop sign or at the stop sign protruding out into the intersection" is not a mere opinion that a traffic violation occurred. *See Hicks v. State*, 255 S.W.3d 351, 354 (Tex. App.—Texarkana 2008, no pet.). White's unequivocal testimony that appellant "stopped inside the intersection" was a positive and specific statement of fact from which the trial court could have concluded that White reasonably believed appellant committed a traffic violation. *See id*.

Accordingly, we overrule appellant's second issue.

### Conclusion

We affirm the trial court's judgment.

/s/      William J. Boyce
         Justice

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

7