ACCEPTED
01-15-00168-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/1/2015 3:58:10 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00168-CR**

In the

**COURT OF APPEALS**

For the

**FIRST SUPREME JUDICIAL DISTRICT**

At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/1/2015 3:58:10 PM
CHRISTOPHER A. PRINE
Clerk

**Appeal in No. 14-CCR-175454**

County Court at Law Number One of Fort Bend County, Texas

**GEORGE RAY MICHEAUX, JR.**
*Appellant*

*v*

**THE STATE OF TEXAS**
*Appellee*

**STATE'S APPELLATE BRIEF**

*Counsel for Appellee*

**JOHN F. HEALEY**
DISTRICT ATTORNEY
268TH JUDICIAL DISTRICT
FORT BEND COUNTY, TEXAS


**JOHN J. HARRITY, III**
ASSISTANT DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
SBN # 09133100
John.Harrity@fortbendcountytx.gov
309 South Fourth Street, 2nd floor
Richmond, Texas 77469
281-341-4460 (Tel.)
281-238-3340 (Fax)

## IDENTIFICATION OF PARTIES

Pursuant to Tex. R. App. P. 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Appellant:
**GEORGE RAY MICHEAUX, JR.**

Appellee:
**THE STATE OF TEXAS**

**Counsel for Appellee/State:**
**JOHN F. HEALEY, JR.**
**District Attorney**
**of Fort Bend County, Texas**
**268TH Judicial District**

**Address(es):**
**Fort Bend County**
**District Attorney's Office**
**301 Jackson Street, Rm 101**
**Richmond, Texas 77469**

**REBEKAH SAUNDERS**
**Assistant District Attorney**
**Fort Bend County, Tx.**
**(Trial)**

**(Same)**

**LAUREN VALENTI**
**Assistant District Attorney**
**Fort Bend County, Tx.**
**(Trial)**

**(Same)**

**JOHN J. HARRITY, III**
**Assistant District Attorney**
**Ft. Bend County, Tx.**
**(Appeal Only)**

**(Same)**

**Counsel for Appellant:**            **Address(es):**
**KIRBY TAYLOR**                      **2818 Cleburne**
                                      **Houston, Texas 77004**

 **(Trial and Appeal)**


**Trial Judge:**
**The Hon.  Christopher G. Morales**
**County Court at Law Number One of Fort Bend County, Texas**

# TABLE OF CONTENTS

**SECTION**                                                                    **PAGE**

IDENTIFICATION OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY TO APPELLANT'S FIRST POINT OF ERROR. . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**CASES**                                                                      **PAGE**


*Hicks v. State*, 255 S.W.3d 351, 354 (Tex. App. - Texarkana 2008, no pet.). . . . . 6

*Klepper v. State*, No. 2-07-412-CR, 2009 Tex. App. LEXIS 1081 (Tex. App. - Fort Worth Feb. 12, 2009, no pet.) (not designated for publication) . . . . . . . . . . . . . . 6

*Markert v. State*, 2011 WL 2937428 (Tex. App. – Corpus Christi, July 21, 2011, no pet.) (not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES AND RULES**


Tex. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Tex. Transp. Code Ann. § 541.304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Transp. Code Ann. § 544.007(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9

Tex. Transp. Code Ann. § 545.062. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Tex. Transp. Code Ann. § 545.302. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 7

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe oral argument is necessary in the present case. However, should the Court decide that it wants to hear oral argument in this case, the State would request that it be allowed to present oral argument.

**No. 01-15-00168-CR**
In the
**COURT OF APPEALS**
For the
**FIRST SUPREME JUDICIAL DISTRICT**
At Houston

**Appeal in No. 14-CCR-175454**
County Court at Law Number One of Fort Bend County, Texas

**GEORGE RAY MICHEAUX, JR.**
*Appellant*
*v*
**THE STATE OF TEXAS**
*Appellee*

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

This is an appeal of the trial court's guilty finding of guilt where Appellant was charged with the offense of stopping, standing or parking prohibited in certain places. Tex. Transp. Code Ann. § 545.302. (C.R. 35).

# STATEMENT OF FACTS

The State challenges all factual assertions in the Appellant's brief pursuant to Tex. R. App. P. 38 and submits its account of the facts as follows and within its reply to Appellant's point of error.

# SUMMARY OF THE ARGUMENT

The trial court correctly interpreted § 545.302 of the Texas Transportation Code in finding Appellant guilty.

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

*The trial court correctly interpreted § 545.302 of the*
*Texas Transportation Code in finding Appellant guilty.*

Appellant was charged with the offense stopping, standing or parking prohibited in certain places.  Tex. Transp. Code Ann. § 545.302.  (C.R. 35). Specifically, the State charged that on or about the 4th day of September, 2013, within the territorial limits of Sugar Land, Fort Bend County, Texas to wit: Elkins Road at its intersection with Sweetwater Boulevard, [Appellant] did then and there unlawfully stop, stand, or park said motor vehicle upon a public street in the city, county and state of aforesaid, in an intersection and the operator was not stopping momentarily to pick up or discharge a passenger when the same was not necessary for the avoidance of conflict with other traffic and the operator was not complying with the law or the directions of the police officer or official traffic control device and against the peace and dignity of the State. (C.R. 9)(2 R.R. 5).

Officer Krachala testified that he was patrolling the area near Clements High School, at Sweetwater and Elkins.  (2 R.R. 14).  Krachala testified, and the video confirms that Appellant stopped in an intersection at Elkins and Sweetwater.  (2 R.R. 15, 16).  Appellant's vehicle was on Elkins before he stopped in the intersection

2

heading north onto Sweetwater. (2 R.R. 19). By doing so, Appellant was blocking Sweetwater southbound traffic. (2 R.R. 36). Krachala was in the left turn lane on Sweetwater at Elkins and had a clear, unobstructed view of Appellant's vehicle. (2 R.R. 20). Appellant entered the intersection "on green; and when he did, he stopped in the middle of the intersection blocking traffic." (2 R.R. 21). "His vehicle was blocking all of the southbound Sweetwater traffic as well as the opposing direction on Elkins." (2 R.R. 21). Appellant was not able to maintain his speed to make a complete turn because traffic had backed up into the intersection for at least a few seconds before Appellant entered. (2 R.R. 22)(State's Exhibit 2). The video does not reveal exactly when Appellant entered the intersection, but it does show that it took Appellant approximately thirty seconds to complete the turn. Appellant remained stopped for "a total of nine or ten seconds." (2 R.R. 27). Krachala testified that Appellant never picked up or discharged any passengers, nor was his stop in the intersection necessary to avoid conflict with any other traffic. (2 R.R. 27). Krachala also testified that Appellant's stop was not in compliance with the law or directions of a police officer or in compliance with an official traffic control device. (2 R.R. 27). At one point Appellant's light "changed to red" as he continued through the intersection. (2 R.R. 23-24). Krachala then initiated a traffic stop just north of Elkins based upon the violation. (2 R.R. 24). Krachala testified that it is legal to make the

3

turn "as long as he has somewhere to turn to." (2 R.R. 30). Once the traffic ahead of Appellant moved, Appellant moved forward, but Appellant should not have entered the intersection. Rather, he should have waited at the stop line before he entered the intersection until it was clear for him to go. (2 R.R. 31-32). Krachala testified that under the circumstances, it was not legal for Appellant to enter the intersection and that Appellant's stopping in the intersection by itself makes it a violation. (2 R.R. 33, 38, 47).

In his sole point of error, and without citing to the record, Appellant complains that the "trial court erred in its interpretation of Texas Transportation code § 545.302; and the trial court erred in failing to apply the exception to violations of Texas Transportation Code § 545.302 found in Texas Transportation Code § 545.302(f)." (App. Br. p.2)

Section 545.302(a)(3) of the Texas Transportation codes prohibits a driver from stopping, standing, or parking in an intersection. Tex. Transp. Code Ann. §545.302. Further, Tex. Transp. Code Ann. § 544.007(b) requires that an operator of a vehicle must yield the right-of-way to other vehicles and to pedestrians lawfully in the intersection or an adjacent crosswalk. Tex. Transp. Code Ann. § 544.007(b).

Section 545.302(f) provides that subsections (a), (b) and ( c) do not apply if the avoidance of conflict with other traffic is necessary or if the operator is complying

4

with the law or the directions of a police officer or official traffic-control device.

Appellant argues that Appellant stopping momentarily in the intersection was necessary for him to be in compliance with Texas Transportation Code § 545.062(a) which states that "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway." Tex. Transp. Code Ann. § 545.062(a). Appellant argues that he was forced to stop as he crossed the intersection due to traffic in front of him stopping and that in order for him to be in compliance with § 545.062(a), he must follow at a "distance stop safely and not collide with the vehicle in front of him. Here, this is what occurred." (App. Br. p. 3). The testimony and video clearly reveal that there were cars stopped in the intersection in Appellant's left turn lane as he entered the intersection. Appellant was not stopping to comply with § 545.062(a) by keeping a safe distance, rather he created a situation where he had to stop due to congestion already in the intersection known and visible to him, thereby violating § 545.302. This is not a situation where while making a left turn another pedestrian or vehicle darted into his turn lane and he had to stop to avoid a collision. Rather, Appellant could have stopped and waited before entering the intersection, which

5

would have left plenty of space between his truck and the vehicles stopped in the intersection ahead of him. Stopping in the intersection was not necessary to comply with § 545.062. Appellant's actions were in violation of § 545.302(a)(3); *Hicks v. State*, 255 S.W.3d 351, 354 (Tex. App. - Texarkana 2008, no pet.). Hicks argued that "stopping or standing in an intersection for the brief time of three to five seconds does not constitute 'stopping, standing, or parking' in an intersection as prohibited by §545.302(a)(3) of the Texas Transportation Code. We disagree. The statute defining the offense does not prescribe a minimum time the vehicle must be stopped for the act to constitute an offense." *Hicks at* 354. The record reveals that Appellant stopped his vehicle several times in the intersection when it was clear that there was congestion in front of him. Appellant was stopped in violation of Texas Transportation Code Sec. 545.302. In *Klepper v. State*, No. 2-07-412-CR, 2009 Tex. App. LEXIS 1081 (Tex. App. - Fort Worth Feb. 12, 2009, no pet.) (not designated for publication) testimony from the arresting officer that he had observed Klepper stopped in the middle of the intersection, past the limit line in the intersection, partially in the left turn lane and partially inside the turn lane. After conducting a traffic stop, Klepper admitted to being parked in the middle of the roadway. The court of appeals held that the arresting officer's statements that the defendant had stopped completely past the limit line at a red light and that the defendant's vehicle

was parked in the middle of the intersection, along with the defendant's own admission to conclude that the defendant had committed one or more traffic violations.

Relying on § 544.004(a) of the Texas Transportation Code, Appellant argues that he was complying with an official traffic-control device by entering the intersection of Elkins and Sweetwater Blvd. on a protected left-turn arrow. Section 544.004(a) provides that:

(a) The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle unless the person is:

(1) otherwise directed by a traffic or police officer; or

(2) operating an authorized emergency vehicle and is subject to exceptions under this subtitle.

Tex. Transp. Code Ann. § 544.004(a).

Section 541.304 fo the Texas Transportation Code reads:

In this subtitle:

(1) "Official traffic-control device" means a sign, signal, marking or device that is:

(A) consistent with this subtitle;

(B) placed or erected by a public body or officer having jurisdiction; and

( C) used to regulate, warn, or guide traffic.

(2) "Railroad sign or signal" means a sign, signal or device erected by a railroad, public body, or public officer to notify traffic of railroad tracks or an approaching railroad train.

(3) "Traffic-control signal" means a manual, electric, or mechanical device that alternately directs traffic to stop and to proceed.

Tex. Transp. Code Ann. § 541.304.

Section 541.304 provides two different definitions for "traffic-control signal" and "traffic-control device". Complying with a traffic control signal displaying a green arrow does not give an operator an absolute right to enter an intersection. Rather, Tex. Transp. Code Ann. § 544.007 ( c) allows an operator to "cautiously enter then intersection to move in the direction permitted by the arrow" and to yield to pedestrians and other traffic lawfully using the intersection. Tex. Transp. Code Ann. § 544.007( c). This clearly prohibits the operator of a vehicle from stopping in the middle of an intersection. In *Markert v. State*, 2011 WL 2937428 (Tex. App. – Corpus Christi, July 21, 2011, no pet.) (not designated for publication), the court of appeals held that § 545.302(3) of the transportation code provides that an operator may not stop, stand, or park a vehicle in an intersection. In the present case, the trial

8

court noted that it believed that Appellant entered the intersection legally on a green light, the light did turn red while he remained stopped in the intersection. (2 R.R. 53). As the trial court noted, once the light turned red, Appellant was no longer complying with the traffic-control signal because he was not stopped at a clearly marked stop line as required by §544.007(d). (2 R.R. 32, 37). Appellant did not wait at the designated stopping point until he could safely enter the intersection. Rather, he entered the intersection and had to stop in order to avoid causing a collision.

The evidence shows that Appellant entered the intersection knowing that he could not pass through it safely, creating the situation where he had to stop to avoid colliding with other vehicles that were already stopped in the intersection. Appellant's actions compounded the gridlock seen on the video. Texas Transportation Codes sections 545.103 and 545.151(a)(2) all speak to the requirement that before an operator may enter an intersection, he must be able to enter safely. Tex. Transp. Code Ann. § 545.103; Tex. Transp. Code Ann. § 545.151(a)(2). Here there was no place for Appellant to enter the intersection safely. Once the light changed for the cross-traffic to pass or if an emergency vehicle had needed cross the intersection Appellant would have prevented them from safely proceeding through the intersection. The trial court correctly interpreted § 545.302 of the Texas Transportation Code in finding Appellant guilty and Appellant's sole point of error

should be overruled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that all things are regular and that this Court find no reversible error in Appellant's conviction, affirm the judgment and sentence in all things, and order execution of the judgment and sentence in accordance with the opinion of the Court.

Respectfully submitted,
**John F. Healey, Jr.**
District Attorney, Fort Bend County
268th Judicial District


 /s/    John J. Harrity, III
John J. Harrity, III
Assistant District Attorney
Fort Bend County, Texas
SBN # 09133100
John.Harrity@fortbendcountytx.gov
301 Jackson Street, Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

## CERTIFICATE OF COMPLIANCE

This is to certify that in accordance with Texas Rule of Appellate Procedure 9.4(i)(3), this State's Appellate Brief has been reviewed by the word count function in WordPerfect, and contains 2689 words in its entirety.

/s/ John J. Harrity, III
John J. Harrity, III

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to Appellant's attorneys of record, Kirby Taylor, 2818 Cleburne, Houston, TX 77004 or via email at attorney.taylor@yahoo.com, or via e-filing on the date of the filing of the original with the Clerk of this Court.

/s/ John J. Harrity, III
John J. Harrity, III